### In re GERSTENBERG.

### GERSTENBERG v. ZIMMER.

(Supreme Court, Appellate Division, Second Department.    June 4, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 506*)—ACCOUNTING—ACTIONS—SUFFICIENCY OF EVIDENCE.

On exceptions to an administrator's accounting on the ground that he failed to account for the proceeds of a lottery ticket owned by intestate, evidence *held* not to show that the ticket belonged to intestate.

[Ed.. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 506.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the judicial settlement of the account of Charles S. Gerstenberg, as administrator of the estate of Mary Gerstenberg, deceased. From a decree surcharging the administrator's account, the administrator appeals. Affirmed as modified.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Otto Kempner, for appellant.
Charles H. Kelby, for respondent.

GAYNOR, J. The appellant accounted as his wife's administrator. She left a son by her first husband as sole heir and next of kin. The son filed an exception that the administrator had failed to account for $3,150 of which the deceased died possessed, and which came into the administrator's hands. .This was not proved. It was claimed, however, that some sort of a lottery ticket—of what lottery does not appear—was owned by the deceased, that it won at or about the time of her death, and that the administrator collected the money on the ticket after her burial. There is no evidence that she ever purchased the ticket. The wife of the son testified that she saw the deceased purchase lottery tickets at times, but in no way identifies the one in dispute. She also testified that the administrator showed her some money two days after his wife's burial, had $3,000 in his hands, and put it under her nose and said:

"How would you like to have this? Mother won it on her dying bed. At 5 o'clock she died and at 5 o'clock we got it."

This appears none too probable, and is inconsistent with the idea that the husband wanted to conceal that it was his wife's and keep it. On the other hand the husband testified that he was a regular buyer of lottery tickets of an old man who called at his house regularly to sell them—for such is the covert way in which that illegal business is extensively carried on—and purchased the one in question. In this he is corroborated. There is evidence that when the wife purchased tickets of this same man it was for her husband, and that her husband's name was given. It cannot be said with any degree of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

certainty that the ticket belonged to the deceased instead of to her husband.

The decree should be modified in accordance with this opinion, and as thus modified affirmed, with costs to the appellant. All concur.